UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

-----------------------------------------------------x

COREY BAKER,                          :
an individual,                        :         CASE NO.:
                                      :
              Plaintiff,              :
                                      :         Judge:
vs.                                   :
                                      :
                                      :         Magistrate:
                                      :
BREW-BACHERS OF BATON ROUGE           :
VI, INC.,                             :
                                      :
              Defendants.             :
-----------------------------------------------------x

## COMPLAINT

Plaintiff, COREY BAKER, by and through his undersigned counsel, hereby files this Complaint and sues BREW-BACHERS OF BATON ROUGE VI, INC.(hereinafter referred to as "DEFENDANT"), for declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter "LCHR"); and alleges the following:

## JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.* (hereinafter referred to as the "ADA"), and the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter "LCHR").

2.      This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367, as such claims arise out of the same case or controversy as the Federal claims.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4.      Plaintiff, COREY BAKER, (hereinafter referred to as "MR. BAKER"), is a person of the age of majority and a citizen of the State of Louisiana.

5.      MR. BAKER maintains residences in Ascension Parish at Gonzales at 2824 South Burnside, Gonzales, LA 70737 and in East Baton Rouge Parish, at 8134 Harry Drive, Baton Rouge, LA 70806.

6.      MR. BAKER is a qualified individual with a disability under the ADA and the LCHR. MR. BAKER is diagnosed with T-11/12 paraplegia and uses a wheelchair for his primary means of mobility.

7.      Due to his disability, MR. BAKER is substantially impaired in several major life activities and requires a wheelchair to ambulate.

8.      Upon information and belief, DEFENDANT is a limited liability company organized in the state of Louisiana and having the domicile of 909 E Ascension St, Gonzales, Louisiana 70737.

9.      Upon information and belief, DEFENDANT is the owner and lessor of the real properties and improvements which is the subject of this action, to wit: Brew-Bacher's Grill, located at the address 909 E Ascension St, Gonzales, Louisiana 70737 (hereinafter referred to as "the Property").

10.     Upon information and belief, the Property is a restaurant.

11. Mr. BAKER has visited to the Property to eat.

12. DEFENDANT is obligated to comply with the ADA and the LCHR.

13. All events giving rise to this lawsuit occurred in the Middle District of Louisiana, Ascension Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

14. MR. BAKER realleges and reavers Paragraphs 1 - 12 as if they were expressly restated herein.

15. The Property is a place of public accommodation, subject to the ADA, generally located at: 909 E Ascension St, Gonzales, Louisiana 70737.

16. Upon information and belief, MR. BAKER has visited the Property and desires to visit the Property again in the future.

17. Upon information and belief, MR. BAKER'S most recent visit to the facility prior to filing this original Complaint was on May 22, 2019.

18. During this visit, MR. BAKER experienced serious difficulty accessing the goods and utilizing the services therein due to many of the architectural barriers discussed in Paragraph 23 of this Complaint.

19. MR. BAKER continues to desire to visit the Property, but will continue to experience serious difficulty due to the barriers discussed in Paragraph 23, which still exist.

20. MR. BAKER lives within a close geographic proximity of the Property. MR. BAKER'S Gonzales residenceis locatedapproximately 2.7 miles from the Property.

21. MR. BAKER plans on returning to the Property to dine.

22.   MR. BAKER intends to and will visit the Property to utilize the goods and services in the future, but fears that he will encounter the same barriers to access which are the subject of this action.

23.   Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*. and is discriminating against MR. BAKERdue to, but not limited to, the following violations which exist at the Property:

    I.    UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANT:

        A.    There is no designated-accessible seating within the Property with the proper knee-clearance for a wheelchair-user to utilize;

        B.    The pull-side of the men's restroom door handle is located within 18" of the side wall, making it difficult for a wheelchair user to utilize;

        C.    The paper towels in the men's restroom are located too high for a wheelchair user to access;

        D.    The curb ramp in front of the Property is cracked and contains unsafe thresholds;

        E.    There is no vertical signage denoting the designated-accessible parking spaces; and

        F.    Other mobility-related ADA barriers to be identified following a complete inspection.

24.   Upon information and belief, all barriers to access and ADA violations still exist and

4

have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

25.    Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

26.    Upon information and belief, removal of the barriers to access located on the Property would provide MR. BAKER with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

27.    Independent of his intent to return as a patron to the Property, MR. BAKER additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

28.    MR. BAKER has been obligated to retain the undersigned counsel for the filing and prosecution of this action.   MR. BAKER is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

## COUNT II: VIOLATIONS OF THE LOUISIANA COMMISSION ON HUMAN RIGHTS AS TO ALL DEFENDANTS

29.    MR. BAKER repeats and realleges all preceding paragraphs in support of this claim.

30.    At all times relevant to this action, the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 et. seq., (hereafter "LCHR") has been in full force and effect and has applied the conduct of all DEFENDANTS.

31.    At all times relevant to this action, MR. BAKER has experienced substantial limitations to several major life activities, including walking, standing, and bending; has been

diagnosed with T-11/12 paraplegia and uses a wheelchair for his primary means of mobility; and has been an individual with a disability within the meaning of LCHR, LA. REV. STAT. ANN. § 51:2232(3)(a).

32.     At all times relevant to this action, DEFENDANTS have qualified as places of public accommodation, resort, or amusement as defined by LA. REV. STAT. ANN. § 51:2232(9) by virtue of either supplying services to the general public, soliciting and accepting the patronage of the general public, or having been supported directly or indirectly by government funds.

33.     The LCHR prohibits discriminatory practices and provides that "it is a discriminatory practice for a person to deny an individual the full and equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation, resort, or amusement . . . on the grounds of . . . disability." LA. REV. STAT. ANN. § 51:2247.

34.     The LCHR extends relief to "any person deeming himself injured by" discrimination in violation thereof. LA. REV. STAT. ANN. § 51:2264.

35.     Defendants discriminated against MR. BAKER, on the basis of disability, in violation of LA. REV. STAT. ANN. § 51:2247, by denying him the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered at the Property due to many of the architectural barriers discussed in Paragraph 23 of this Complaint.

36.     MR. BAKER deems himself injured by the DEFENDANT'S discrimination and brings suit under the LCHR to recover compensatory damages for the injuries and loss he sustained as a result of Defendant's discriminatory conduct and deliberate indifference as alleged herein above.

37.    MR. BAKER is further entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the LCHR, LA. REV. STAT. ANN. § 51:2264.

## PRAYER FOR RELIEF

WHEREFORE, MR. BAKER demands judgment against DEFENDANT, and requests the following injunctive and declaratory relief:

A.    That this Court declare that the Property owned, leased, and/or operated by DEFENDANT is in violation of the ADA and the LCHR;

B.    That this Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA and the LCHR;

C.    That this Court award damages to MR. BAKER pursuant to LA. REV. STAT. ANN. § 51:2264 for the discriminatory conduct of the DEFENDANTS in violation of the LCHR;

D.    That this Court award damages to MR. BAKER pursuant to Title II of the ADA for the discriminatory conduct of the DEFENDANTS in violation of the ADA;

E.    That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. BAKER pursuant to the ADA and the LCHR; and

F.    That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,


THE BIZER LAW FIRM
Attorneys for Plaintiff
Andrew D. Bizer (LA # 30396)
andrew@bizerlaw.com
Garret S. DeReus (LA # 35105)
gdereus@bizerlaw.com
Emily A. Westermeier (LA # 36294)
ewest@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996


By: /s/ Andrew D. Bizer
         Andrew D. Bizer